IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| CHASE REMINGTON TICKLE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:14CR101-1 |
| | ) | 1:15CV263 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This case comes before the undersigned United States Magistrate Judge for a recommended ruling on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 ("Section 2255 Motion") (Docket Entry 86), as well as his related Motion for Summary Judgment (Docket Entry 107).[1] For the reasons that follow, the Court should deny Petitioner's Section 2255 Motion and Motion for Summary Judgment.

### INTRODUCTION

This Court (per Chief United States District William L. Osteen, Jr.) previously entered a Judgment against Petitioner imposing, inter alia, a prison term of 57 months, as a result of his guilty plea to possessing stolen firearms in violation of 18 U.S.C. §§ 922(j) and 924(a)(2). (Docket Entry 77; see also Docket Entry 33 (Superseding Indictment); Docket Entry 44 (Plea Agt.);

---

[1] Parenthetical citations refer to Petitioner's criminal case.

Docket Entry 94 (Plea Hrg. Tr.); Docket Entry dated Oct. 16, 2014 (documenting sentencing).) Petitioner did not appeal. (See Docket Entries dated Oct. 16, 2014, to present (reflecting absence of notice of appeal).) He did, however, timely file his instant Section 2255 Motion. (Docket Entry 86.) The United States responded (Docket Entry 95) and Petitioner replied (Docket Entry 97). Petitioner also filed his instant Motion for Summary Judgment. (Docket Entry 107.)

## DISCUSSION

Petitioner's Section 2255 Motion identifies one claim: "counsel [was] ineffective when he failed to object to the application to [sic] the sentencing enhancement found in U.S.S.G. [§] 2K2.1(b)(4)(A)" (Docket Entry 86 at 1). More specifically, according to Petitioner, "[t]he enhancement at issue punished [him] for his conduct twice. [Petitioner] pled guilty to possession of stolen guns and was enhanced because those guns were, in fact, stolen." (Id. at 3; see also Docket Entry 97 at 1 ("[Petitioner] received ineffective assistance of counsel, which led to a longer sentence, when his attorney refused to argue that the enhancement discussed in U.S.S.G. § 2K2.1(b)(4)(A) does not apply to convictions under 18 U.S.C. § 922(j)."). This claim lacks merit.

Petitioner's Presentence Report ("PSR") began setting his offense level as follows: "The guideline for 18 U.S.C. § 922(j) offenses is found in USSG §2K2.1 of the guidelines. Because the

2

offense involved semiautomatic firearms that are capable of accepting a large capacity magazine and [Petitioner] was a prohibited person, an unlawful drug user, at the time he committed the instant offense, the base offense level is 20." (Docket Entry 61 at 13 (citing U.S.S.G. § 2K2.1(a)(4)(B)).) The PSR further provided that, "[b]ecause firearms were stolen, the offense level is increased by 2." (Id. (citing U.S.S.G. § 2K2.1(b)(4)(A)).)

Petitioner's counsel possessed no basis to challenge the foregoing calculations. "The Guidelines explicitly state that th[e Section 2K2.1(b)(4)(A)] enhancement is properly applied to offenses under § 922(j) unless the base offense level was determined under § 2K2.1(a)(7)." United States v. Locklear, 489 F. App'x 705, 706 (4th Cir. 2012) (citing U.S.S.G. § 2K2.1 cmt. n.8).[2] As quoted above, Petitioner's PSR assigned a base offense under Section

---

[2] The cited commentary (which, in older versions of the Guidelines, appeared in Note 12, see United States v. Blackbourn, 344 F. App'x 481, 484 (10th Cir. 2009)) states: "If the only offense to which § 2K2.1 applies is 18 U.S.C. § 922(i), (j), or (u), or 18 U.S.C. § 924(l) or (m) (offenses involving a stolen firearm or stolen ammunition) and the base offense level is determined under subsection (a)(7), do not apply the enhancement in subsection (b)(4)(A). This is because the base offense level [under subsection (a)(7)] takes into account that the firearm or ammunition was stolen." U.S.S.G. § 2K2.1 cmt. n.8. "By so painstakingly enumerating the circumstances in which the subsection (b)(4) enhancement does not apply, [this commentary] indicates that the enhancement should be imposed where those specified criteria are not met." United States v. Shepardson, 196 F.3d 306, 312 (2d Cir. 1999); see also United States v. Hampton, 628 F.3d 654, 664 (4th Cir. 2010) ("[T]here is a presumption that double counting is proper where not expressly prohibited by the guidelines.").

3

2K2.1(a)(4)(B) (due to the nature of certain firearms involved and his prohibited status), not under Section 2K2.1(a)(7)'s default clause. Simply put, Petitioner's "base offense level arose under § 2K2.1(a)(4), and therefore, the commentary does not prohibit the enhancement for stolen firearms [under § 2K2.1(b)(4)(A)]." United States v. George, 221 F. App'x 925, 929 (11th Cir. 2007); accord United States v. Marshall, No. 99-6000, 238 F.3d 425 (table), 2000 WL 1888717, at *2 (6th Cir. Dec. 19, 2000) (unpublished); United States v. Shepardson, 196 F.3d 306, 312 (2d Cir. 1999).

Nor, contrary to Petitioner's view, does "[t]his application of the Guidelines and their commentary create[] an absurd result" (Docket Entry 86 at 3), as the Second Circuit has well-explained:

> Base offense levels assigned under Guideline 2K2.1 do not necessarily reflect that a firearm was stolen. The first six base offense levels available under subsection (a) are ranked according to the presence, alone or in combination, of three aggravating factors: (i) type of firearm, (ii) prior felonies, and (iii) whether defendant is a "prohibited person." . . . As the default base offense level assigned if none of the aggravating factors were present in the crime, subsection (a)(7) is the only base offense level in Guideline 2K2.1 that accounts for the fact that firearms are stolen. Hence, [the commentary to Guideline 2K2.1] rightfully excludes the subsection (b)(4) enhancement only when defendants are assigned a base offense level under subsection (a)(7), i.e. only when a firearm is stolen and none of the aggravating factors is present.
>
> [The defendant's] base offense level assigned under subsection (a)(4)(B) penalizes him for two reasons: (i) being a prohibited person, and (ii) because the offense involved a [certain type of] firearm; the subsection (b)(4) enhancement, by contrast, adds two levels for a completely different reason - because the firearm was

4

> stolen. Because the enhancement and base offense level each penalize conceptually distinct notions related to sentencing, the addition of a subsection (b)(4) enhancement to a subsection (a)(4)(B) base offense level does not constitute double counting.

Shepardson, 196 F.3d at 312-13; see also United States v. Blackbourn, 355 F. App'x 481, 483 (10th Cir. 2009) ("[The defendant] misconceives the relationship between the Sentencing Guidelines and the criminal code when he argues that the stolen-firearm enhancement constitutes double counting because possession of a stolen weapon is an element of his § 922(j) offense of conviction. Sentencing courts apply USSG § 2K2.1 to a number of firearm offenses, some involving stolen firearms, some not. Section 2K2.1(b)(4)(A) is the provision that distinguishes between offenses involving stolen firearms and those that do not. Application of that provision does not involve double counting of the fact that [the defendant's] offense was possession of stolen firearms; on the contrary, application of § 2K2.1(b)(4)(A) is the means by which the guidelines calculation takes into account the stolen-firearm element of his offense in the first instance. . . . Application note 8 for § 2K2.1(b)(4) recognizes that in some circumstances when the base offense level is determined by § 2K2.1(a)(7), that provision implicitly takes into account that the firearm was stolen, and therefore § 2K2.1(b)(4)(A) does not apply. But [the defendant's] offense level was not determined by using § 2K2.1(a)(7)." (internal footnote omitted)).

5

Case 1:14-cr-00101-WO   Document 108   Filed 04/25/16   Page 5 of 6

Under these circumstances, "counsel was not constitutionally ineffective in failing to object . . . because it would have been futile for counsel to have done so . . . ." <u>Oken v. Corcoran</u>, 220 F.3d 259, 269 (4th Cir. 2000).

## CONCLUSION

Petitioner has not established an entitlement to relief under Section 2255.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Docket Entry 86) and his Motion for Summary Judgment (Docket Entry 107) be denied without issuance of a certificate of appealability.

                                            /s/ L. Patrick Auld
                                            **L. Patrick Auld**
                          **United States Magistrate Judge**

April 25, 2016